IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MARCUS WILLIS,

    Plaintiff,

v.  No. 05-2625

SHELBY COUNTY, TENNESSEE,
et al.,

    Defendants.

_____

ORDER DENYING PLAINTIFF'S FIRST MOTION TO REFER/REMAND
STATE CLAIMS BACK TO SHELBY COUNTY CIRCUIT COURT
_____

This lawsuit was brought by the Plaintiff, Marcus Willis, against various defendants alleging, pursuant to 42 U.S.C. § 1983, violation of his civil rights. He also brought several state-law negligence claims, including one against Shelby County pursuant to the Tennessee Governmental Tort Liability Act ("TGTLA"), which strips political subdivisions of the state of Tennessee of their immunity from suit for injuries caused by the negligence of their employees. (Compl., Doc. No. 23 Attach. 3, ¶ 47 (citing Tenn. Code. Ann. § 29-20-205).) On September 28, 2006, the Court granted summary judgment on the federal claims in favor of defendants Shelby County, Mayor Wharton, Sheriff Luttrell, and Chief Jailer Coleman. (Doc. No. 30.) It also dismissed without prejudice the state-law claims against those defendants. (Id. at 11-12.) The Court subsequently granted summary judgment in favor of defendant Correctional Medical Services, Inc., on the federal claims and dismissed without prejudice the Plaintiff's state-law claims against it. (Doc. No. 31 at 13-14.) In that same Order, the Court also dismissed without prejudice the state-law claims against defendants Katherine Merriweather and Alaina Sample. (Id. at 14.) Approximately a year after the Court

issued these Orders, the Plaintiff filed a motion to remand the state-law claims back to the Shelby County Circuit Court, rather than dismiss them. (Doc. No. 50.) The Plaintiff argues that the Court's dismissal of its TGTLA claim causes him to suffer extreme prejudice, because the TGTLA has a strict one-year statute of limitations which has since expired. (Doc. No. 56 at 6.) The defendants have responded and this motion is now ripe for disposition.

Subsection (d) of 28 U.S.C. § 1367 tolls state statutes of limitation while a federal action involving a related state-law claim is pending and for thirty days after the claim is dismissed. See 28 U.S.C. § 1367(d) ("The period of limitations for any claim [over which district courts have supplemental jurisdiction] . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."); Risich v. Bensalem Township, No. 04-cv-5305, 2005 WL 2850382, at *1 (E.D. Pa. Oct. 21, 2005). In Lynn v. City of Jackson, 63 S.W.3d 332, 336-38 (Tenn. 2001), the Tennessee Supreme Court refused to apply § 1367(d) to a TGTLA claim, reasoning that doing so would violate Tennessee's sovereign immunity.[1] However, the United States Supreme Court has since held that applying § 1367(d) to claims brought against state political subdivisions does not violate state sovereignty. Jinks v. Richland County, 538 U.S. 456, 465-67 (2003).

In Jinks, the Court reversed the South Carolina Supreme Court, which had held that § 1367(d) interfered with the state's sovereign authority to establish the extent to which its political subdivisions were subject to suit. Id. at 459. Jinks involved a federal civil rights action brought in South Carolina district court, which also included supplemental claims for wrongful death and survival under South Carolina law. Id. After granting summary judgment as to the federal claim,

---

[1] The court also held that Tennessee's saving statute, which normally provides a one-year time limit within which to refile an action after it has been dismissed without prejudice from federal court for lack of jurisdiction, does not apply to TGTLA claims. Id. at 337 (citing Tenn. Code. Ann. § 28-1-115).

the district judge declined to exercise jurisdiction over the state-law causes of action. Id. The plaintiffs filed the supplemental claims in state court within a month of their dismissal from federal court, but those claims were determined to be time-barred by the South Carolina Supreme Court, which refused to apply § 1367(d) to extend South Carolina's statute of limitations. Id.

Reversing the South Carolina Supreme Court, the Court held that § 1367(d) "is necessary and proper for carrying into execution Congress's power '[t]o constitute Tribunals inferior to the supreme Court,' U.S. Const. Art. I, § 8, cl. 9, and to assure that those tribunals may fairly and efficiently exercise '[t]he judicial Power of the United States,' Art. III, § 1." Id. at 462. In determining that § 1367(d) was necessary, the Court looked at the three choices district courts had when dismissing state-law claims before § 1367(d) was passed:

> First, they could condition dismissal of the state-law claim on the defendant's waiver of any statute-of-limitations defense in state court. That waiver could be refused, however, in which case one of the remaining two choices would have to be pursued. Second, they could retain jurisdiction over the state-law claim even though it would more appropriately be heard in state court. That would produce an obvious frustration of statutory policy. And third, they could dismiss the state-law claim but allow the plaintiff to reopen the federal case if the state court later held the claim to be time barred. That was obviously inefficient. By providing a straightforward tolling rule in place of this regime, § 1367(d) unquestionably promotes fair and efficient operation of the federal courts and is therefore conducive to the administration of justice.

Id. at 463 (internal citations omitted). The Court next rejected the argument that § 1367(d) violates state sovereignty by allowing Congress to regulate practice and procedure in state courts, reasoning that even if "a principled dichotomy can be drawn, for purposes of determining whether an Act of Congress is 'proper,' between federal laws that regulate state-court 'procedure' and laws that change the 'substance' of state-law rights of action, we do not think that state-law limitations periods fall into the category of 'procedure' immune from congressional regulation." Id. at 464-65.

Last, the Court acknowledged that while Congress lacked the authority to override a State's immunity from suit in its own courts, it held that § 1367(d) was not unconstitutional as applied to suits against a State's political subdivisions, because Congress "may subject a *municipality* to suit

3

in state court if that is done pursuant to a valid exercise of its enumerated powers." Id. at 465-66 (citations omitted).  The Court saw no reason why § 1367(d) "represents a greater intrusion on 'state sovereignty' than the undisputed power of Congress to override state-law immunity when subjecting a municipality to suit under a federal cause of action." Id.  Thus, although § 1367(d) could not be used to extend the statute of limitations of a cause of action against the State of Tennessee, it can be used to extend the statute of limitations of a cause of action against a political subdivision of the State of Tennessee, such as a county or city.

In this case, the Plaintiff's TGTLA claim was brought against Shelby County.  Applying Jinks, the Court concludes that § 1367(d) extended the statute of limitations of this claim until thirty days after September 28, 2006, the day it dismissed the Plaintiff's TGTLA claim against Shelby County without prejudice. See Rector v. DACCO, Inc., No. M2005-00294-COA-R9-CV, 2006 WL 1749525, at *4 (Tenn. Ct. App. June 26, 2006) ("As we construe 28 U.S.C.A. § 1367(d), Congress has decided that, notwithstanding applicable state statutes of limitations, a person filing a state-law claim in federal court shall have at least thirty days within which to refile a state-law claim in state court after a federal court has dismissed it."); Lanthorn v. Sobieski, No. E2005-01850-COA-R3-CV, 2006 WL 1044146, at *2 (Tenn. Ct. App. April 20, 2006) (acknowledging the Supreme Court's holding in Jinks).  Accordingly, it is Willis's failure to refile his TGTLA claim against Shelby County within those thirty days, as permitted by federal law, rather than the Court's dismissal of the claim, which has prejudiced him. See Risich, 2005 WL 2850382, at *2 (denying a plaintiff's Rule 60(b)(6) motion to remand to state court claims that were dismissed without prejudice where the plaintiff failed to refile the state-law claims within 30 days of dismissal pursuant to § 1367(d)).

For the foregoing reasons, the Plaintiff's first motion to remand to state court is hereby DENIED.

**IT IS SO ORDERED** this 30th day of October, 2007.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE